

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 29, 1971

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas   78711

Opinion No. M- 1003

Re:   Salary of the Presiding
      Judge of the Court of
      Criminal Appeals, pur-
      suant to Section 4 of
      Article V of the Constit
      tion of Texas.

Dear Mr. Calvert:

Your recent letter requesting the opinion of this office concerning the referenced matter poses the following question:

"What is the proper salary to be paid the Presiding Judge of the Court of Criminal Appeals beginning September 1, 1971?"

Section 4 of Article V of the Constitution of Texas provides, in part, as follows:

"The Court of Criminal Appeals shall consist of five Judges, one of whom shall be Presiding Judge, a majority of whom shall constitute a quorum, and concurrence of three Judges shall be necessary to a decision of said Court.  Said Judges shall have the same qualifications and receive the same salaries as the Associate Justices of the Supreme Court.  . . ."

Senate Bill 11, Acts of the 62nd Legislature, Regular Session, 1971 (General Appropriations Act for the fiscal year ending August 31, 1972), contains the following item of appropria tion to the Supreme Court of Texas:

"1.   Judges, 8 at $33,000 and
      Chief Justice at $33,500          $297,500"

-4893-

Said Appropriations Act also makes the following appropriation to the Court of Criminal Appeals:

"1.  Judges, 4 at $33,000 and
     Presiding Judge at $33,500          $165,500"

The essence of your question is this:  Is the Presiding Judge of the Court of Criminal Appeals to be paid a salary equivalent to that of an associate justice of the Supreme Court ($33,000), or the modestly higher salary ($33,500) appropriated for him in the current Appropriations Act, which is equivalent to the salary of the Chief Justice of the Supreme Court?

We are of the opinion that the sentence "Said Judges shall . . . receive the same salaries as the Associate Justices of the Supreme Court," found in Section 4 of Article V, supra, has application only to the associate judges of the Court of Criminal Appeals, and that it was the intent of the people, in enacting said constitutional provision, that the salary of the Presiding Judge of the Court of Criminal Appeals was to be equal to the salary paid to the Chief Justice of the Supreme Court.

In so holding, we are mindful of the facts that both the Chief Justice of the Supreme Court and the Presiding Judge of the Court of Criminal Appeals are charged with numerous administrative and non-judicial duties which the associate members of those courts do not share.  Further, the post of Presiding Judge is specifically and separately set forth in Article 1802, Vernon's Civil Statutes.  And like the Chief Justice, the Presiding Judge is to be elected to that position by the voters of this State.  Article V, Sec. 4, Texas Constitution.

When Section 4 of Article V of the Constitution, establishing the Court of Criminal Appeals, was enacted in 1891, it was the intent of the people that the Court of Criminal Appeals, and its judges, were to be co-equal in status, dignity, and perquisites with the Supreme Court and its judges.  See, generally, the Interpretive Commentary to Section 5 of Article V.  Furthermore,

"Texas is one of only two states in the Union which have two courts of final jurisdiction, one for civil cases and the other for criminal.  The two courts are of equal dignity

and each is supreme in its own field.  By constitutional provision, the official title of
the court having final jurisdiction in civil
cases is the Supreme Court and the title of
the court having final jurisdiction in
criminal cases is the Court of Criminal Appeals." Vol. XXI, p. 439, 1969.

Moreover, we are of the opinion that the provisions
of Section 4 of Article V must be considered in light of Section
1-a of Article V.  That latter Section provides, in part, that:

"(1)  Subject to the further provisions of
this Section, the Legislature shall provide for
the retirement and compensation of Justices and
Judges of the Appellate Courts and District and
Criminal Courts . . ."    (Emphasis added.)

Thus, Section 1-a of Article V clearly provides that the Legislature shall provide for the amount of the compensation of the
Judges of the Court of Criminal Appeals, subject, of course, to
the command of Section 4 of Article V that the compensation of
Judges of the Court of Criminal Appeals shall be equal to that of
Justices of the Supreme Court.  This the Legislature has done; the
Legislature has made the compensation of the Judges and Justices
of the two courts the same and has fixed the compensation of the
Presiding Judge the same as that of the Chief Justice, acting under
their constitutional prerogative to fix the salaries of the Judges,
Justices, Chief Justice, Presiding Judge, etc.  We presume that they
had a constitutional intent and acted constitutionally.

Sections 1-a and 4 of Article V must be construed together, and any inconsistency in their wording must yield to
their overriding intent and purpose, and every effort should be
made to construe these Sections in an harmonious manner.  53 Tex.
Jur.2d 282, Statutes, §186.  Furthermore, different sections,
amendments or provisions of the Constitution which relate to the
same subject matter should be construed together and considered
in light of each other.  Purcell v. Lindsay, 158 Tex. 541, 314
S.W.2d 283 (1958); Attorney General's Opinion No. M-193 (1968).
As the Supreme Court of Texas has stated in Collingsworth County
v. Allred, 120 Tex. 473, 40 S.W.2d 13 (1931):

"The Constitution must be read as a whole,
and all amendments thereto must be considered
as if every part had been adopted at the same

time and as one instrument, and effect must be given to each part of each clause, explained and qualified by every other part.  Gilvert v. Kobbe, 70 N.Y. 361.  Different sections, amendments, or provisions of a Constitution which relate to the same subject-matter should be construed together and considered in the light of each other.  Dullam v. Willson, 53 Mich. 392, 19 N.W. 112, 51 Am.Rep. 128; State v. Astoria, 79 Or. 1, 154 P. 399."  120 Tex. at 479, 40 S.W.2d at 15.

In addition, Article 6813b, Vernon's Civil Statutes, provides, in part, as follows:

"From and after the effective date of this Act, all salaries of all State officers and State employees, including the salaries paid any individual out of the General Revenue Fund, shall be in such sums or amounts as may be provided for by the Legislature in the biennial Appropriations Act."  (Emphasis added.)

In appropriating the sum of $33,500 as the compensation of the Presiding Judge of the Court of Criminal Appeals, a sum equal in amount to the compensation of the Chief Justice of the Supreme Court, the Legislature was both fulfilling its constitutional duty pursuant to Section 1-a of Article V, and manifesting its interpretation of the sentence of Section 4 of Article V that is here at issue.  This legislative interpretation, and harmonizing of, those two constitutional provisions will be given great weight, if not controlling effect.  53 Tex.Jur.2d 265-67, Statutes, §178.

In view of the foregoing, you are advised that the salary of the Presiding Judge of the Court of Criminal Appeals, pursuant to Sections 1-a and 4 of Article V of the Constitution of Texas, is equivalent to that of the Chief Justice of the Supreme Court, and is in the amount of $33,500 per annum.

## S U M M A R Y

Pursuant to Sections 1-a and 4 of Article V of the Constitution of Texas, and the provisions

of Senate Bill 11, Acts of the 62nd Legislature, Regular Session, 1971 (General Appropriations Act for the fiscal year ending August 31, 1972), the salary of the Presiding Judge of the Court of Criminal Appeals is $33,500 per annum.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Scott Garrison
Roland Allen
Lonny Zwiener
J. C. Davis

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant